**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CLAYTON MATHEW JACKSON,
ADC #654264                                                                              PLAINTIFF

5:12CV00163-BSM-JTK

MARK WARNER, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must be received in

the office of the United States District Court Clerk no later than fourteen (14) days from the

date of the findings and recommendations.  The copy will be furnished to the opposing party.

Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

I.      **Introduction**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 91).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 94).

Plaintiff Clayton Jackson is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Cummins Unit, alleging deliberate indifference by Defendants, in violation of his Eighth Amendment rights.     Plaintiff asks for injunctive relief.

In his Complaint, Plaintiff states that on November 7, 2011, he notified a non-party

prison official that he received a number of death threats from other inmates. (Doc. No. 1, p. 4.)  He was then placed in a cell by himself until November 10, 2012, when he appeared before the Classification Committee. (Id.) At that time, he was told he could not be housed by himself. (Id.)  He later received another death threat on January 21, 2012, which he forwarded to Defendant Tate, and submitted grievances requesting protective custody status on February 29, 2012, March 1, 2012, and March 12, 2012.  (Id. at p. 5.)  During this time, he was told that Cummins Unit does not have a protective custody status or classification. (Id.) He sent copies of his enemy alert list to Defendants on March 14, 2012, and again was told he would not be placed in protective custody. (Id.) Plaintiff "feel[s] my life is in imminent danger of serious physical injury," and asks the Court to order Defendants to transfer him to another Unit where he can be placed in protective custody.  (Id. at pp. 5-6.)

## II.    Summary Judgment Motion

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the

pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.   Defendants' Motion

#### 1) Exhaustion

Defendants first ask the Court to dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants state that Plaintiff fully exhausted only one grievance, CU-12-00431, in which he did not name any individuals (including Defendants), despite the ADC grievance requirement to be "specific as to...personnel involved...."  (Doc. Nos. 93-1, 93-2.)

#### 2) Additional Defenses

Defendants also ask the Court to dismiss Plaintiff's monetary claims against them in their official capacities pursuant to sovereign immunity, and his claims against them in their individual capacities pursuant to qualified immunity.  They state that Plaintiff's allegations fail to support a claim against them for deliberate indifference, because Plaintiff was housed in punitive isolation at the time, and the investigation worksheet attached to his grievance shows that ne never directly advised Defendants of a specific threat of harm or provided him with copies of the threats he received.  (Doc. No. 93-2, p. 7.) Finally, they state that Plaintiff's request for relief is moot, because he no longer is incarcerated at the Cummins

Unit.

**B.     Plaintiff's Response**

Plaintiff asks the Court to dismiss Defendants' Motion as not timely filed, stating that it was filed past the thirty-day extension deadline of April 14, 2013.  He also states that Defendants placed him in a cell while handcuffed, with another inmate who was on his enemy alert list, and that he should be placed in protective custody until his release.

**C.     Analysis**

Initially, the Court notes that Defendants timely-filed their Motion.  On March 19, 2013, this Court granted them a thirty-day extension of time in which to file a dispositive motion (Doc. No. 87).  Defendants filed the present Motion on April 18, 2013 (Doc. No. 91).

**1)     Exhaustion**

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), <u>unconst'l on other grounds</u>, <u>Siggers-El v. Barlow</u>, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, the United States Court of

Appeals for the Eighth Circuit held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  <u>Chelette v. Harris</u>, 229 F.3d 684, 688 (8th Cir. 2000), quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000).  In <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original.)   Finally, in <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007) the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

However, the United States Court of Appeals for the Eighth Circuit recently ruled that if prison officials decide a procedurally-flawed grievance on the merits, they effectively waive the argument that an inmate failed to exhaust because he did not comply with the grievance procedures.  In <u>Hammett v. Cofield</u>, 681 F.3d 945 (8th Cir. 2012), an inmate relied on grievances which were not exhausted or which were filed outside of mandatory time limits.  The Court decided, however, that the "PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits."  681 F.3d at 947. This line of reasoning was extended to an exhausted grievance filed by an inmate who failed to comply with prison procedures requiring that defendants be specifically named, in <u>Bower</u>

6

v. Kelley, 494 Fed.Appx. 718, 2012 WL 6199266 (8th Cir. 2012).

In this particular case, Defendants admit that Plaintiff exhausted grievance CU-12-00431, in which he complained he received numerous threats from inmates and asked for placement in protective custody.  (Doc. No. 93-2, p. 2.)  Relying on Jones v. Bock, however, they claim that the Court should disregard the grievance because Plaintiff failed to comply with procedures requiring him to specifically name the parties involved.   Although Plaintiff did not name any of the Defendants in this grievance, the Court finds, pursuant to Hammett and Bower, that the exhaustion requirement was satisfied because the ADC officials decided this grievance on the merits, despite his failure to name any individuals.[1]

### 2)    Other Defenses

Initially, the Court finds that Defendants' reliance on sovereign immunity and qualified immunity defenses is misplaced, since Plaintiff asks only for injunctive relief, and not monetary relief.[2]   However, the Court agrees with Defendants that as a matter of law, Plaintiff does not support a finding of deliberate indifference by Defendants.  The Eighth Amendment "requires prison officials  to 'take reasonable measures to guarantee' inmate safety by protecting them from attacks by other prisoners."   Young v. Selk, 508 F.3d 868,

[1]The Court distinguishes this case from that of Jones v. Hobbs, 5:08CV00233-SWW (Doc. No. 186), where the inmate named some, but not all of the defendants in his exhausted grievance.  The Eighth Circuit affirmed the district court decision to dismiss two of the defendants who were not named in the grievance.

[2]"The doctrine of qualified immunity protects government officials 'from liability for civil damages....'".  Pearson v. Callahan, 555 U.S. 223, 231 (2009), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

871-2 (8th Cir. 2007), quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  However, to prove deliberate indifference, an inmate must show objectively that the deprivation of rights was sufficiently serious, and subjectively, that the prison officials had a "sufficiently culpable state of mind."  <u>Farmer</u>, 511 U.S. at 834.  In this case, although there is a dispute about whether Plaintiff notified Defendants of the threats and provided proof of such, he does not allege that he was harmed by any inmates, or that any incident occurred.  He also does not deny that he no longer is incarcerated among the inmates he feared.  Therefore, the Court finds that Defendants are entitled to judgment as a matter of law on Plaintiff's claims against them.

### III.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 91) be GRANTED and that Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO ORDERED this 2nd day of May, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE